UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-5-14

------------------------------------------------------------x

BERNARD GELB,                                   :
                                                :
                                   Plaintiff,   :
                                                :        1:12-cv-04880 (ALC) (AJP)
            -against-                           :
                                                :        OPINION AND ORDER
FEDERAL RESERVE BANK OF NEW                     :
YORK,                                           :
                                   Defendant.   :
                                                :
------------------------------------------------------------x

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Bernard Gelb ("Plaintiff") seeks injunctive and declaratory relief against the

Federal Reserve Bank of New York ("Defendant") under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, as amended.   In March 2010, Plaintiff sent a letter to Defendant

seeking records regarding certain registered and book-entry securities.   This dispute arose when

Defendant, after conducting a search, informed Plaintiff that it found no documents responsive to

Plaintiff's request.   Following limited discovery, Defendant now moves for summary judgment.

Plaintiff cross-moves for additional discovery.   For the reasons stated below, Defendant's

Motion for Summary Judgment (ECF No. 48) and Plaintiff's Cross-Motion for Discovery (ECF

No. 57) are DENIED.

I.  BACKGROUND

Plaintiff is "in the business of locating and reuniting individuals and entities with their

lost or forgotten property."   (Gelb Decl. ¶ 5, ECF No. 58).   Defendant is part of the Federal

Reserve System, the central bank of the United States.   (Mem. Supp. Mot. Summ. J. 2, Jan. 7,

2014, ECF No. 49).   Because Congress established Defendant as a regional bank, not a federal

agency, Defendant maintains that it is not subject to the provisions of FOIA.[1]   (Id. at 2-3).

Nevertheless, Defendant "has committed to complying with the spirit of FOIA, and has therefore

established protocols and procedures for dealing with requests made under the Act."   (Id. at 3).

Plaintiff seeks "documents in [Defendant's] possession . . . relating to outstanding

registered and book-entry securities that remain unclaimed or undistributed."   (Gelb Decl. ¶ 3).

To that end, in a letter dated March 15, 2010, Plaintiff requested that Defendant provide

> a complete listing(s), name, address, amount outstanding, original
> date outstanding and account number, etc., of all Registered
> Securities [and Book-Entry Securities] that remains [sic]
> unclaimed or undistributed at the end of one year after the
> principal or interest is due and payable – regarding non-
> individuals, deceased individuals and individuals, concerning all
> Securities at the [Defendant].

(Gelb Decl. Ex. 2 (emphasis removed)).   Plaintiff's letter was forwarded to Michael Held, who

was responsible "for processing and responding to FOIA requests received by" Defendant.

(Held Dep. 5:25-6:14, ECF No. 50-1).   As Defendant's corporate secretary, Held has been

handling Defendant's FOIA requests since 2006.   (Held Dep. 6:7-7:1).

Based on his understanding that Plaintiff "was looking for securities that were held on

behalf of external parties that had matured but had not been paid," Held identified individuals

who "would know of records, . . . help [him] understand the request, or . . . direct [him] to

others" who may be able to do so.   (Held Dep. 47:20-48:2, 46:15-24).   He forwarded the

request to Gail Armendinger in the Financial Services Group and Tim Fogarty in the Markets

Group, both "high-ranking managers" who would be able to direct "appropriate staff within their

---

[1] For the purposes of this Order, it is unnecessary for the Court to decide whether Defendant is
in fact a federal agency and therefore subject to the provisions of FOIA.

teams to perform the required searches." (Mem. Supp. 4).

Armendinger, a veteran employee, is Vice President of Electronic Payments in the Financial Services Group. (Armendinger Decl. ¶ 1, ECF No. 52). "The Financial Servies Group operates and oversees payments-system processing" for Defendant. (Id. ¶ 2). "The Electronic Payments Function provides book-entry safekeeping services for all marketable securities, many federal agency securities, and certain international agency securities, as well as funds transfer services for depository institutions." (Id. ¶ 3). After speaking with Held about Plaintiff's request, Armendinger directed her staff to conduct a search. (Id. ¶¶ 7-8).

"The search consisted of two parts, one for the book-entry securities and one for the registered securities." (Id. ¶ 8). For the book-entry securities, the staff determined that there were no records responsive to Plaintiff's request because Defendant "remits payments for [these] securities to depository institutions, not the ultimate holders of securities," so "[a]ll principal and interest for the securities held are paid in entirety on payment date to the holder of the record . . . ." (Id. ¶ 9). The staff confirmed this result by searching the general ledger for "any principal and interest held . . . as collateral for securities that had matured while held in a collateral account." (Id. ¶ 10). Next, the staff examined Plaintiff's request for registered securities. At the time of Plaintiff's request, only two registered securities were still being held by Defendant. (Armendinger Decl. ¶ 14). This was because Defendant "discontinued the processing of outstanding and matured registered securities" for governmental and international agencies in 2008. (Id. ¶¶ 12-13). A search of the records for the two remaining securities "revealed that neither was unclaimed or undistributed at the end of one year after the principal or interest was due and payable." (Id. ¶ 14). Consequently, Armendinger informed Held that her

3

search did not uncover any records responsive to Plaintiff's request.   (Id. ¶ 16).

Fogarty, also a veteran employee, is a Senior Vice President and the Head of the Central

Bank and International Account Services Function ("CBIAS") in the Markets Group.   (Fogarty

Decl. ¶ 1, ECF No. 53).   CBIAS, on behalf of Defendant, offers "payment, custodial[,] and

investment services" to "central banks, monetary authorities, and certain international

organizations to facilitate their official financial operations."   (Id. ¶¶ 2-3).   In his declaration,

Fogarty states, without explaining, that upon receiving Plaintiff's request from Held, he

"conducted a search of CBIAS's paper records and electronic records."   (Id. ¶¶ 5, 8).   Based

upon that search, Fogarty concluded that CBIAS did not have any records responsive to

Plaintiff's request, and informed Held as such.   (Id. ¶¶ 8-9).

In a letter dated April 23, 2010, Held notified Plaintiff that Defendant had conducted a

search of its records and found no records responsive to Plaintiff's request.   (Gelb Decl. ¶ 8).

In May 2010, Plaintiff filed an administrative appeal of Defendant's adverse determination, but

received no response.   (Id. ¶ 9).   Consequently, Plaintiff initiated this lawsuit.

## II. PROCEDURAL HISTORY

This is Defendant's second Motion for Summary Judgment.   Defendant's first motion

was dismissed for procedural noncompliance.   Plaintiff requested, and the Court granted, an

opportunity to conduct depositions to better understand the search Defendant conducted.

Consequently, prior to the filing of this motion, Plaintiff conducted depositions of Held and

Armendinger.

## III. DISCUSSION

Plaintiff vehemently opposes Defendant's Motion for Summary Judgment and argues that

additional discovery is necessary for the proper adjudication of this case.    Plaintiff insists that

Defendant possesses records responsive to his request, and cites to various instances between

1995 and 2002 when he has been alerted to the existence of such records.    (See generally Gelb

Decl.).    Plaintiff also cites to certain undated documents to support his proposition.    (See, e.g.,

Gelb Decl. ¶¶ 17-19).    Finally, Plaintiff argues, without offering any evidentiary support, that an

escheatment of funds to states in 2012 proves that documents responsive to Plaintiff's request

existed in 2010.    (Mem. Opp. Mot. Summ. J. 17-18, ECF No. 60).    Defendant counters that a

detailed search of its records revealed no records responsive to Plaintiff's requests.    (See

generally Mem. Supp.).    It contends that Plaintiff's outdated documents do not support his

theory that responsive records existed in 2010.    (Id.).    Furthermore, it states that a lack of

responsive documents does not automatically suggest that the search was inadequate.    This is

especially true given that in 2008, Defendant discontinued processing registered securities on

behalf of outside agencies.    (Held Dep. 21:5-23:2).

## A. Legal Standard

Generally, FOIA cases are resolved on summary judgment.    See, e.g., Bloomberg L.P. v.

Bd. of Governors of Fed. Reserve Sys., 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009) ("Summary

judgment is the preferred procedural vehicle for resolving FOIA disputes.").    The standard for

summary judgment in a FOIA case is identical to that in all summary judgment cases—if there is

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

of law, summary judgment should be granted.    Id.; Fed. R. Civ. P. 56(c).

## B. Analysis

A federal agency responding to a FOIA request must (1) conduct an adequate search

using reasonable efforts, (2) provide the information requested, unless it falls within a FOIA

Exemption, and (3) provide any information that can be reasonably segregated from the exempt

information.   5 U.S.C. §§ 552(a)(3), 552(b).   The agency bears the initial burden to show that it

conducted an adequate search for responsive records.   Carney v. U.S. Dep't of Justice, 19 F.3d

807, 812 (2d Cir. 1994).   That burden is met when the agency, through affidavits or

declarations, demonstrates that its search was "reasonably calculated to uncover all relevant

documents."   Bloomberg, 649 F. Supp. 2d at 571.   "The agency is not expected to take

extraordinary measures to find the requested records . . . ."   Garcia v. U.S. Dep't of Justice, 181

F. Supp. 2d 356, 368 (S.D.N.Y. 2002).   "Once the agency satisfies the burden of showing that it

conducted an adequate search, the burden shifts to the plaintiff to make a showing of bad faith

sufficient to impugn the agency's showing."   Bloomberg, 649 F. Supp. 2d at 271.

     "Affidavits submitted by an agency are accorded the presumption of good faith . . . ."

Carney, 19 F.3d at 812.   "Supporting and opposing affidavits [must] be made on personal

knowledge, [must] set forth such facts as would be admissible in evidence, and [must] show

affirmatively that the affiant is competent to testify to the matters stated therein."   Fed. R. Civ.

P. 56(e).   Additionally, the affidavits must be "relatively detailed and non-conclusory."   Davis

v. U.S. Dep't of Homeland Sec., No. 11-CV-203 (ARR) (VMS), 2013 WL 3288418, at *6

(E.D.N.Y. June 27, 2013) (internal quotations marks and citations omitted).   "This means, for

instance, that an agency affidavit or declaration must describe in reasonable detail the scope of

the search and the search terms or methods employed."   Id. (internal quotation marks and

citations omitted).   "[T]he affidavits should identify the searched files and describe at least the

general structure of the agency's file system which renders any further search unlikely to

6

disclose additional relevant information." Id. (quoting Katzman v. CIA, 903 F. Supp. 434, 438 (E.D.N.Y. 1995)).   "[W]here the agency's response raises serious doubts as to the completeness of the agency's search, where the agency's response is patently incomplete, or where the agency's response is for some other reason unsatisfactory," summary judgment should be denied. Id. (quoting Nat'l Day Laborer Org. Network v. U.S. Immigration & Customs Enforcement, 877 F. Supp. 2d 87, 96 (S.D.N.Y. 2012)).

Courts have denied summary judgment when an affidavit lacks sufficient detail to allow a court to conclude that the search was adequate.   See, e.g., Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Davis, 2013 WL 3288418, at *12.   In Oglesby, the court found that summary judgment was inappropriate where it was unclear from the agency's affidavit that the system it searched was "the only possible place that responsive records [were] likely to be located." 920 F.2d at 68 (emphasis in original).   Similarly, in Davis, the district court denied summary judgment where the agency's declaration described the search in great detail, but the declarant failed to adequately assert personal knowledge or describe her involvement in the search.   2013 WL 3288418, at *12.

Like in Oglesby and Davis, Defendant has failed to meet its burden because it submitted an inadequately detailed declaration.   Based on the evidence before it, the Court is satisfied that Held, Armendinger, and Fogarty's declarations are based on their personal involvement in the search.   In their declarations and depositions, Held and Armendinger describe in detail where they searched, why they searched where they searched, where else they could have searched, and why their search revealed no responsive documents.   But Fogarty's declaration is conclusory and therefore deficient.   Fogarty simply states that he "conducted a search of CBIAS's paper

records and electronic records" and did not find any records responsive to Plaintiff's request. He does not describe the system within which he was working, how he conducted the search, the scope of his search, an estimate of the amount of time this search took, or any other detail from which the Court might conclude that his search was, in fact, adequate.

Because Defendant failed to meet its burden, the Court need not consider whether Plaintiff made a sufficient showing of bad faith on the part of Defendant to defeat its motion for summary judgment. The Court has considered Plaintiff's cross-motion for discovery, but does not find additional discovery necessary at this time.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment (ECF No. 48) is DENIED without prejudice. Plaintiff's Cross-Motion for Discovery (ECF No. 57) is DENIED. Defendant should inform the Court via letter by October 1, 2014, whether it will renew its motion for summary judgment, and propose a briefing schedule jointly with Plaintiff.

**SO ORDERED.**

Dated:   September 5, 2014
        **New York, New York**
                                   **ANDREW L. CARTER, JR.**
                                   **United States District Judge**